IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| STEPHEN K. HEGE AND LINDA S. HEGE,<br><br>Plaintiffs,<br><br>vs.<br><br>AEGON USA, LLC, f/k/a AEGON USA INC.;<br>and TRANSAMERICA LIFE INSURANCE<br>COMPANY f/k/a LIFE INVESTORS<br>INSURANCE COMPANY OF AMERICA;<br><br>Defendants. | Civil Action No.  8:10-1578-GRA<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

The Plaintiffs, Stephen K. Hege and Linda S. Hege, complaining of the above-named Defendants, would respectfully show unto the Court as follows:

**PARTIES**

1. Plaintiffs are South Carolina citizens residing at in the town of Pickens, South Carolina. At all times relevant hereto, Plaintiffs are (and were) an owner of a cancer insurance policy issued by Defendant Life Investors Insurance Company of America ("LIFE INVESTORS") and administered by AEGON USA, LLC, formerly known as AEGON USA INC. (hereinafter "AEGON USA") through its various wholly owned subsidiaries, including Defendant Transamerica Life Insurance Company ("TRANSAMERICA").[1]  Plaintiffs purchased this policy in South Carolina.

---

[1] Upon information and belief, on or about December 31, 2001, Bankers United Life Assurance Company merged with and into Defendant LIFE INVESTORS. Effective October 2, 2008, Life Investors Insurance Company of America was merged into Transamerica. All references herein to Transamerica include Life Investors.

2. Defendant TRANSAMERICA is an insurance company authorized to transact the business of insurance in South Carolina. Defendant TRANSAMERICA is an Iowa corporation that provides insurance to consumers in South Carolina and throughout the United States. Defendant TRANSAMERICA's principal place of business is, upon information and belief, located at 4333 Edgewood Road, NE, Cedar Rapids, Iowa, 52499.

3. Defendant AEGON USA is an Iowa corporation that provides insurance products and services to consumers in South Carolina and throughout the United States, through wholly owned subsidiaries and/or through itself. Defendant AEGON USA's principal place of business is, upon information and belief, in Cedar Rapids, Iowa.

4. Defendant AEGON USA is the parent company of several subsidiaries that provide services to Defendant TRANSAMERICA.

5. Defendant AEGON USA controls, through its various subsidiaries, marketing, selling, underwriting and related financial aspects of Defendant TRANSAMERICA's insurance policies.

6. Upon information and belief, Defendant TRANSAMERICA has the following parent corporations: Transamerica International Holding, Inc. (direct parent); AEGON USA, LLC; AEGON U.S. Holding Corporation; Transamerica Corporation; The AEGON Trust; AEGON International B.V.; and AEGON, N.V.

7. Upon information and belief, Defendant AEGON USA is a wholly owned subsidiary of AEGON NV, a Dutch corporation.

8. Upon information and belief, Defendant AEGON USA provides its annual reporting through the annual reports of AEGON NV.

9. Upon information and belief, in those annual reports, Defendant AEGON USA reports the assets, liabilities and cash flow of Defendant TRANSAMERICA as assets, liabilities and cash flow of Defendant AEGON USA, and ultimately AEGON NV.

10. Upon information and belief, employees of Defendant AEGON USA or a subsidiary of Defendant AEGON USA determines Plaintiffs' entitlement to benefits under the insurance policy at issue.

11. Upon information and belief, Defendant TRANSAMERICA has a contract with Defendant AEGON USA or one of its subsidiaries to provide claims handling services and Defendant AEGON USA or one of its subsidiaries has assumed certain duties under the contract at issue.

12. Upon information and belief, in reports to the various state insurance commissioners and agencies, Defendant TRANSAMERICA uses the assets of (or loans from) its parent company Defendant AEGON USA to meet certain liquidity requirements.

13. Upon information and belief, the monthly premium paid by Plaintiffs are ultimately paid to Defendant AEGON USA.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter and over these parties pursuant to 28 U.S.C. § 1332(d) because minimum diversity exists between the Plaintiffs and the Defendants.

15. The events giving rise to this Complaint arose in this District. The policy of insurance, out of which this litigation arises, was entered and formed in this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and is premised on the fact that Defendants do business in this District and various events, acts and omissions

relating to the claim occurred in this District, including repetitive acts of selling or servicing insurance products in this District.  Because of Defendants' contacts with the Plaintiffs, including the collection of monthly premiums, directly or indirectly from Plaintiffs, as well as the sales and administration of policies and claims, Defendants are each subject to personal jurisdiction in this District.

17.  Jurisdiction and venue are also proper as the sale of the insurance policy at issue giving rise to this cause of action occurred in this jurisdiction, and the tortuous conduct out of which this lawsuit arises occurred within this District.

## FACTS

18.  Plaintiffs purchased a supplemental policy of insurance from Defendants providing for payment of certain medical expenses.

19.  Plaintiff, Stephen K. Hege, has incurred medical bills and expenses resulting from a diagnosis of cancer, for which demand was made of Defendants that they satisfy their contractual obligations.

20.  Defendants failed and refused to satisfy those obligations, and they are in breach of contract.

21.  Defendants' conduct constitutes the tort of failure to act in good faith and fair dealing, and statutory bad faith.

22.  Defendants are in the business of selling guaranteed renewable, limited benefit specified disease cancer expense policies.

23.  Defendants' guaranteed renewable cancer policies are not designed to indemnify or reimburse policyholders for the costs of cancer-related healthcare.  Instead, Defendants'

cancer policies are designed to provide policyholders supplemental insurance benefits to help defray the costs, burdens, inconveniences or other obligations associated with cancer.

24.     Subject to certain express limitations in the cancer policies, Defendants promises to pay benefits in amounts equal to or measured by the "actual charges" of specifically enumerated healthcare services or treatments.

25.     On or before March 22, 1994, Plaintiff, Stephen K. Hege, while residing and physically located within the State of South Carolina, applied for and ultimately received issuance of a guaranteed renewable cancer insurance policy bearing policy number 0G1083253B (the "Policy").                    .

26.     At all relevant times, Plaintiffs paid all premiums required and necessary to keep all benefits and coverage available under the Policy in full force and effect.

27.     After the purchase of the Policy, Plaintiff, Stephen K. Hege, was diagnosed with cancer and began incurring ongoing actual charges for cancer-related services and treatment.

28.     All of Defendants' predecessors-in-interest with respect to the Policy, interpreted the policy phrase "actual charges" to mean the amount of the provider's charges *before* the application of any discount agreements separately negotiated between the patient's provider and that patient's other, unrelated, major-medical insurance company in exchange for an equivalent value of *non-cash* compensation in the form of an increased volume of patients, known as "steerage" (i.e. "billed" or "pre-negotiated" charges).  Based upon this reasonable interpretation of actual charges, if a provider billed Plaintiffs or provided them with a statement of charges for $1,000.00, then Defendants' predecessors-in-interest would have paid an actual charge benefit of $1,000.00.

5

29. Defendants have long understood the phrase "actual charge" within the meaning of a guaranteed renewable cancer policy could be reasonably interpreted to mean the provider's "billed" or "pre-negotiated" charges. In fact, Defendants even sell at least one "Cancer Only" insurance policy (form no. TPC010OK) that interprets the phrase "actual charges" as a provider's "billed" or "pre-negotiated" charges insofar as it specifically defines that phrase to mean "the amount billed for the treatment *before any insurance discounts*, other insurance payments, reductions or discounts of any kind."

30. Upon information and belief, Defendants knowingly, intentionally, fraudulently and in bad faith, denied and/or underpaid Plaintiff, Stephen K. Hege's, actual charge claims benefits under the Policy.

31. Rather than paying Plaintiff's actual charge claims based upon the provider's "billed" or "pre-negotiated" charges, Defendants instead paid and intend to continue paying Plaintiff, Stephen K. Hege's, benefits based upon a new interpretation of actual charges. Even though at the time Plaintiffs purchased the guaranteed renewable policy the phrase "actual charges" meant a provider's "billed" or "pre-negotiated" charges, Defendants paid or are expected to pay Plaintiffs' actual charge claims based upon the *reduced* amount Plaintiffs' provider agrees to accept from Plaintiffs' other, unrelated major medical insurance company in exchange for steerage (i.e., "discounted" or "post-negotiated" charges).

32. At the time the policies were sold to the public, Defendants knew or should have known that a person of ordinary intelligence and understanding could reasonably interpret actual charges to mean a provider's greater "billed" or "pre-negotiated" charges and therefore owed Plaintiffs a duty to construe "actual charges" in that manner.

33. The South Carolina Legislature passed S.C. Code Ann. § 38-71-242, effective June 4, 2008, which defines the phrase "actual charges" within the meaning of supplemental disease policies to mean "the amount a medical provider accepts as payment-in-full for its medical services, whether by pre-negotiated agreement with a third-party insurer or by operation of law in the case of Medicare." *Id.* § 38-71-242(A)(1)(a) & (b).

34. Plaintiffs claim that S.C. Code Ann. § 38-71-242, if applied to their family policy, represents an unconstitutional impairment of a fixed contractual rights under the Policy in violation of the constitutions of the United States and South Carolina, implicating the Contract Clause, the Takings Clause, the Due Process Clause, and others. The application of a 2008 statute to a 1994 insurance contract amounts to a substantial re-writing of the policy, and unfairly denies Plaintiffs the benefit of their original bargain in that the Defendants previously promised to pay "actual charges" in the higher, non-discounted amount charged by medical providers.

35. The Policy was <u>not</u> written in such a way as to intercede on behalf of policyholders to pay healthcare providers directly, but to provide the insured with a cash payment to use <u>however the policyholder saw fit</u>.

36. The Defendants marketed and sold a number of the cancer policies which, as written, promised to pay to the insured, such as Plaintiffs, benefits regardless of any other insurance coverage carried by the insured.

37. The Plaintiffs' contract with Defendants specifically states no unilateral changes may be made, and sets forth certain conditions for making any change or amendment to the contract.

38. These pre-conditions for changing the Policy benefits were not followed.

39. On information and belief, Defendants have also changed their standard policy and practice for payment of said benefits for other insureds. Defendants thereafter purported to require insureds, such as the Plaintiffs, to submit new and entirely irrelevant statements such as Explanation of Benefits ("EOBs") from the insureds' third-party healthcare insurance companies and other statements from third parties that reflected the amounts such entities partially paid as a negotiated rate or "expense," as opposed to what their "actual charges" were.

40. Defendants breached the cancer policies, resulting in "reduced benefits" being paid.

41. Through various form letters, the Defendants sought to unilaterally change the terms of the policy, <u>without consideration</u>, by substituting EOBs and similar statements for actual billing statements showing "actual charges" as the index upon which they based their payment of the benefits contained in the cancer policies which were based upon the "actual charge" of certain kinds of medical services, such as radiation therapy, chemotherapy treatments and blood, plasma and blood components.

42. Defendants had no authority to make this unilateral and material change to the cancer policies either under the terms of the policy itself or under any applicable law.

## COUNT I
### (BREACH OF CONTRACT)

43. Plaintiffs re-allege and incorporate each of the foregoing paragraphs of this Complaint as if fully set forth herein.

44. Plaintiff, Stephen K. Hege, is covered under a cancer policy issued by Defendants and administered by Defendant AEGON USA or through its various wholly owned subsidiaries, including Defendant TRANSAMERICA.

45. Defendants refuse to pay full benefits when Plaintiff, Stephen K. Hege, makes valid and timely claim for benefits under the terms of the policy.

46. Plaintiffs have paid all premiums and met all other conditions precedent to have a valid contract for insurance coverage, and Plaintiff, Stephen K. Hege, has satisfied the terms of the contract entitling him to full benefits under the contract.

47. The cancer policy between Defendants and Plaintiffs obligates Defendants to provide benefits for covered treatments in the amount of the "actual charges" for the care provided.

48. The term "actual charges" is not separately, specifically and expressly defined in the policy.

49. However, the plain meaning of the term "actual charges" with respect to healthcare as that term is used in relation to other terms throughout the policy plainly refers to the actual charge for services and care rendered by healthcare providers as shown on billing statements as the amount of payment due. It does not refer or relate to partial payments of those charges by the Plaintiffs or third parties showing actual "expenses" and/or negotiated fees.

50. Even if the term "actual charge" is ambiguous, Defendants' conduct prior to 2006, established (through the Defendants' own interpretation, standard practice and common course of dealing with its insureds) that the term means and refers to the actual charge for services and care rendered by healthcare providers, as opposed to some negotiated rate between the medical providers and a third party insurers.

51. Alternatively, Defendants, by and through their pattern of conduct, waived and/or knowingly relinquished whatever right they possibly may have had to base the amount of such benefits on EOBs or similar statements reflecting amounts paid by third party payors. This

waiver results from an uninterrupted pattern of clear, unequivocal and decisive conduct establishing that submission of EOBs and similar statements was <u>not</u> required and that claims would instead be based on amounts charged as reflected by physician statements or other similar billing statements showing the "actual charges."

52. Defendants are likewise estopped from arguing an interpretation different from this prior, common practice.

53. Defendants breached their contract with the Plaintiff, Stephen K. Hege, by denying full payment to him when he sought benefits consistent with the plain meaning of "actual charges" and consistent with Defendants' prior standard practice and common course of dealing with other insureds.

54. As a direct and proximate result of said breach, Plaintiff, Stephen K. Hege, has suffered and continues to suffer substantial damages entitling him to an award of damages as permitted by law.

## COUNT II
## (BAD FAITH)

55. Plaintiffs re-allege and incorporate each of the foregoing paragraphs of this Complaint as if fully set forth herein.

56. Plaintiffs are covered under the cancer policy issued by Defendants and administered by Defendant AEGON USA or through its various wholly owned subsidiaries, including Defendant TRANSAMERICA.

57. At all times relevant to the matters alleged herein, Defendants owed Plaintiffs an implied duty of good faith and fair dealing in connection with the cancer policy issued to them and the special relationship that arose there from.

58. Defendants' duty in this regard included a good faith obligation to honor the cancer policy as written and to properly pay benefits owed to insureds as established by the contract and its longstanding and common course of dealing with its insureds.

59. Defendants breached their duty to Plaintiff, Stephen K. Hege, when they no longer paid for radiation, chemotherapy treatment and blood, plasma, and blood components benefits using the "actual charges" on healthcare providers' billing statements as its index for determining the benefits. This was a clear repudiation of the established contractual duties under the cancer insurance policies.

60. Defendants' conduct amounts to bad faith.

61. As a result of said breaches, Plaintiff, Stephen K. Hege, suffered harm entitling him to an award of compensatory and punitive damages.

62. By statute, Plaintiff, Stephen K. Hege, is likewise entitled to recovery of attorneys' fees and costs.

## COUNT IV

### (FRAUD)

63. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

64. Defendants have knowledge of material facts concerning the manner in which they were accepting a premium for a benefit that they refuse to provide upon receipt of cancer policy claims.

65. Defendants were under an obligation to communicate the material facts concerning the manner they were accepting a premium for full benefits to Plaintiff, Stephen K.

Hege, while at the same time secretly planning to provide partial benefits under the cancer policy.

66. Defendants intentionally, willfully, wantonly, maliciously and fraudulently failed to communicate to Plaintiff, Stephen K. Hege, the material facts concerning the collection of the premiums.

67. Plaintiff, Stephen K. Hege, justifiably relied on Defendants to communicate the material facts to him.

68. As a result of Defendants' conduct, Plaintiff, Stephen K. Hege, has been damaged and is entitled to receive actual and punitive damages.

## COUNT V

### (DECLARATORY JUDGMENT)

69. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

70. There is an actual case or controversy between Defendants and Plaintiffs regarding Defendants' obligations, past and future, under the Family cancer policy and the implied covenant of good faith and fair dealing which is contained in every contract in the state of South Carolina.

71. This issue in controversy is whether Defendants are obligated under the cancer policy and their prior, common and uniform course of dealing to pay certain claims based on actual charges set forth in billing statements.

72. The policy phrase "actual charge" contained in Defendants' form cancer policies is not defined.

73. Plaintiffs are informed and believe they are entitled to declaratory relief holding that the term "actual charges" as used in Plaintiffs' policy means the actual charges of healthcare providers for the services, treatments, and procedures performed rather than the amounts the providers were paid by third-party payors, and is entitled to injunctive relief requiring future claims to be paid based upon this interpretation.

74. Plaintiffs seek a declaration that S.C. Code Ann. § 38-71-242 does not apply to their case because it does not apply retroactively to policies issued prior to the effective date of the state statute.

75. In the alternative, Plaintiffs further believe that if the Court finds the statute applies to their family cancer expense policy, then they are entitled to a declaration that S.C. Code Ann. § 38-71-242 represents an unconstitutional impairment of fixed contractual rights under the cancer policy in violation of the constitutions of the United States and South Carolina. Plaintiffs further claim that S.C. Code Ann. § 38-71-242 constitutes an unconstitutional due process violation.

76. Pursuant to Rule 5.1, of the Federal Rules of Civil Procedure, the Plaintiffs will promptly file a notice of constitutional question stating the question and identifying the Complaint, and thereafter will serve by certified mail the notice and the pertinent pleading upon the Attorney General of South Carolina, pursuant to Rule 5.1 and S.C. Code Ann. § 15-53-80.

77. Furthermore, Plaintiffs seek a declaration that this Court is not required to give full faith and credit to an illegal settlement order which the Circuit Court of Pulaski County, Arkansas (the "*Runyan* order") had no jurisdiction to enter, or even to *entertain*; and more specifically, the Plaintiffs seek a declaration that:

A.  This Court is not required to accord full faith and credit to the *Runyan* order because the order has no preclusive effect under Arkansas law;

B.  This Court is not required to accord full faith and credit to the *Runyan* order because the *Runyan* court did not comply with the minimum procedural protections guaranteed under the Due Process Clause;

C.  This Court is not required to accord full faith and credit to the *Runyan* order because of the gross inadequacy of representation of class interests exhibited by *Runyan* counsel;

D.  This Court is not required to accord full faith and credit to the *Runyan* order because it ignored the fact that the vast majority of courts have concluded that the term "actual charges" in supplemental insurance policies similar to the policy in question is ambiguous and must be construed in favor of the policyholder. *See Guidry v. American Public Life Ins. Co.*, 512 F.3d 177 (5th Cir.2007); *Ward v. Dixie National Life Ins. Co.*, 257 Fed.Appx. 620 (4th Cir.2007); *Smith v. Life Investors Ins. Co. of Am.*, 2009 WL 3756911 (W.D.Pa. Nov. 6, 2009); *Lindley v. Life Investors Ins. Co. of America*, 2009 WL 2163513 (N.D.Okla. July 17, 2009); *Pierce v. Central United Life Ins. Co.*, 2009 WL 2132690 (D.Ariz. July 15, 2009); *Hodges v. American Fidelity Assurance Co.*, 2008 WL 723994 (S.D.Miss. Mar. 17, 2008); *Conner v. American Public Life Ins. Co.*, 448 F.Supp.2d 762 (N.D.Miss.2006); *Metzger v. American Fidelity Assurance Co.*, 2006 WL 2792435 (W.D.Okla. Sept. 26, 2006);

E.  This Court is not required to accord full faith and credit to the *Runyan* order because it provided inadequate and illusory relief to class members; and

F.   This Court is not required to accord full faith and credit to the *Runyan* order because it includes a new interpretation of actual charges and consequent procedures which are in direct violation of the law of South Carolina. For instance, by re-interpreting the phrase "actual charges" to mean the amount of the provider's original bill less any discounts that provider may give another insurance carrier in exchange for an increased volume of patients, Defendants are unlawfully: (a) coordinating benefits available under their cancer policies with the benefits of other insurance carriers; (b) discriminating between policyholders within the same class in violation of S.C. Code Ann. §38-71-200; (c) altering– unilaterally– the terms of their "guaranteed renewable" cancer policies, in violation of S.C. Ins. Dep't Reg. 69-34; and (d) interfering with the privacy and contractual rights of their insureds, third-party providers and other insurance companies.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, respectfully request the following relief against Defendants, jointly and severally:

1.   That this Court find and declare that the term "actual charges" as used in the Plaintiffs' family cancer expense policy means the actual charges of healthcare providers for the services, treatments and procedure performed, rather than the amounts the providers were paid by or would accept as full payment from third-party payors.

2.   That this Court find and declare that Defendants have breached and continue to breach their insurance contract by paying reduced benefits as set forth above.

3. That this Court find and declare that Defendants acted in bad faith through their unreasonable, revised interpretation and application of the "actual charges" policy provisions, and further that the conduct was fraudulent.

4. That this Court find that S.C. Code Ann. § 38-71-242 does not apply to Plaintiffs' 1994 family cancer expense policy.

5. In the alternative, that this Court make a determination that S.C. Code Ann. § 38-71-242 is unconstitutional. That this Court, under 28 U.S.C. §2403, certify to the South Carolina Attorney General that S.C. Code Ann. § 38-71-242 has been questioned, as required by Rule 5.1, of the Federal Rules of Civil Procedure.

6. That this Court make a determination that it is not required to give full faith and credit to the *Runyan* order issued by the Arkansas state circuit court, Pulaski County, with regard to this Plaintiffs' family cancer expense policy.

7. An award on behalf of Plaintiff, Stephen K. Hege, against the Defendants, jointly and severally, of actual damages, pre-judgment interest, punitive damages, attorneys' fees and costs, and such other items as may be allowed to the maximum extent permitted by law.

8. Such other and further relief as this Court deems reasonable and appropriate.

**JULY TRIAL IS HEREBY DEMANDED.**

ATTORNEYS FOR PLAINTIFFS:

**Patrick E. Knie, PA**

   /s/ Patrick E. Knie             
Patrick E. Knie (#2370)
Post Office Box 5159
Spartanburg, South Carolina 29304-5159
Phone: (864) 582-5118
Fax:    (864) 585-1615
Email: pknie@knielaw.com

                    William E. Hopkins, Jr. (#6075)
                    Susan F. Campbell (#9223)
                    **McCutchen Blanton Hopkins**
                    **& Campbell, LLP**
                    1414 Lady Street (29201)
                    Post Office Drawer 11316
                    Columbia, South Carolina 29211-1316
                    Phone:  (803) 256-6152
                    Fax:     (803) 256-6155
                    Email:  wehopkins@mbhclaw.com
                    Email:  scampbell@mbhclaw.com

                    **Gary E. Clary** (#157)
                    111-2 Hammock Court
                    Central, South Carolina 29630
                    Phone:  (864) 415-0886
                    Fax:     (864)250-8829
                    Email:  gclaryj@bellsouth.net

                    **Andrew J. Johnston** (#4707)
                    Post Office Box 3252
                    Spartanburg, South Carolina 29304
                    Phone: (864) 591-1093
                    Fax:     (864) 591-1371
                    Email:  ajohnston@spartanburglegal.com

Columbia, South Carolina

June 18, 2010

18