## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

STEPHEN K. HEGE AND LINDA S. HEGE,

    Plaintiffs,

vs.                                                                                    CASE NO.  8:10-CV-1578-GRA

AEGON USA, LLC, f/k/a AEGON USA INC.;
and TRANSAMERICA LIFE INSURANCE
COMPANY f/k/a LIFE INVESTORS
INSURANCE COMPANY OF AMERICA

    Defendants.
_____/

## TRANSAMERICA LIFE INSURANCE COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Defendant Transamerica Life Insurance Company ("Transamerica") hereby moves for an order granting summary judgment and dismissing this action with prejudice.  As grounds for this Motion, Transamerica relies upon all pleadings and matters of record, and expressly incorporates the accompanying Memorandum of Law, including all supporting Declarations and Exhibits.

As demonstrated in Transamerica's Memorandum of Law, on December 21, 2009, the Circuit Court of Pulaski County, Arkansas, entered a Final Order and Judgment ("Final Judgment"), along with Findings of Fact and Conclusions of Law ("Findings"), approving a comprehensive Class Action Settlement (the "Settlement") in *Runyan v. Transamerica Life Insurance Company*, Case No. CV-09-2066-3 (Circuit Ct., Pulaski County, Ark.) ("*Runyan*"). The Final Judgment released the claims of all Settlement Class members who did not exclude themselves from the Settlement.  It is undisputed that plaintiffs were members of the Settlement Class in *Runyan* and did not "opt out" of the Settlement.

The plaintiffs were sent written Notice of the Settlement by first class mail on May 14, 2009. The Notice expressly advised plaintiffs of their rights under the Settlement, including the right to submit a claim form for monetary benefits under the Settlement and the right to opt-out or exclude themselves from the Settlement. The Notice also advised plaintiffs that if they did not file a written request for exclusion from the Settlement, they would be members of the Settlement Class and would be forever barred from bringing the types of claims they are now attempting to assert in this action. Plaintiffs did not exclude themselves from the Settlement by the deadline of June 28, 2009. Rather, plaintiffs submitted a Claim Form for Past Claimants on June 22, 2009. Plaintiffs knowingly and willingly remained in the Settlement Class and applied for the relief provided by the Settlement. The Final Judgment in the *Runyan* case, entered on December 21, 2009, resolved and released the claims plaintiffs seek to assert in this action. *See, e.g.*, *Hall v. Equity Nat'l Life Ins.*, 2010 WL 2735281, at *5, 8 (E.D. Ark. July 9, 2010) (finding that the *Runyan* Final Judgment was "binding on class members" and that claims of persons who did not opt out of the Settlement were barred under the Full Faith and Credit Act by the doctrines of *res judicata*, collateral estoppel, and release).

The *Runyan* Final Judgment is entitled to full faith and credit in this Court under the Full Faith and Credit Act, 28 U.S.C. § 1738, and well-established U.S. Supreme Court precedent. *See, e.g.*, *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 374 (1996) ("a judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit under the express terms of the [Full Faith and Credit] Act."); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 483 n.24 (1982) (the Full Faith and Credit Act was enacted "specifically to insure that federal courts, not included within the constitutional provision, would be bound by state judgments."); *see also Cahill v. Jewell*, 181 F.3d 100, 1999

WL 357747, at *4 (6th Cir. May 12, 1999) ("Like all final judgments, a state court judgment approving the settlement of a class action is entitled to full faith and credit under the Act.").

As fully discussed in the accompanying Memorandum of Law, the *Runyan* Final Judgment satisfies all requirements of Arkansas law for application of the Arkansas doctrine of *res judicata*. *See, e.g.*, *Matsushita*, 516 U.S. at 373 (the Full Faith and Credit Act "directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state"); *Kremer*, 456 U.S. at 466 ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."). Accordingly, all claims plaintiffs assert in this action are barred by the *Runyan* action and the Arkansas doctrine of *res judicata*. *Barclay v. Waters*, 182 S.W. 3d 91, 95 (Ark. 2004) ("a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim."); *Bailey v. Harris Brake Fire Prot. Dist.*, 697 S.W. 2d 916, 917 (Ark. 1985) (discussing the elements of Arkansas' doctrine of *res judicata*).

Furthermore, as fully discussed in the accompanying Memorandum, the *Runyan* Final Judgment also meets all requirements for application of Arkansas' doctrine of collateral estoppel. *See, e.g.*, *Nat'l Farmers Union Standard Ins. Co. v. Morgan*, 966 F.2d 1250, 1253 (8th Cir. 1992) (discussing requirements for application of Arkansas' doctrine of collateral estoppel). Accordingly, all claims plaintiffs assert in this action are also barred by the *Runyan* Final Judgment and the Arkansas doctrine of collateral estoppel.

In addition, the *Runyan* Final Judgment expressly released the same claims plaintiffs purport to assert against Transamerica and AEGON USA, LLC in this action. It is well established that a "release incorporated into an order approving a class action settlement acts as a

bar to subsequent litigation based on the release[d] claims." *Cahill*, 1999 WL 357747 at *5; *see also Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 54-58 (1st Cir. 2004) (settlement and release of claims in state court law suit barred subsequent federal action on the released claims); *Grant County Savings & Loan Ass'n, Sheridan, Ark. v. Resolution Trust Corp.*, 968 F.2d 722, 725 (8th Cir. 1992) (concluding that the settlement agreement clearly and unmistakably released the defendant because the release made clear that the parties "intended the settlement and release to end all litigation" over the pending claims). Therefore, all claims plaintiffs assert in this action are also barred by the doctrine of release.

## CONCLUSION

For the reasons set forth above, and in the accompanying Memorandum of Law which is fully incorporated into this Motion, Transamerica respectfully requests that this Court enter an Order granting summary judgment and dismissing this action with prejudice.

Dated: October 4, 2010                    Respectfully submitted,

*(signature)*

Brent O. E. Clinkscale (Fed. ID No. 5155)
Jacquelyn D. Austin (Fed. ID No. 6837)
Michael S. Cashman (Fed. ID No. 9937)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
550 South Main, Suite 400
Greenville, SC 29601
Phone: (864) 255-5408
Fax: (864) 255-5488
E-mail: BClinkscale@wcsr.com

*Attorneys for Transamerica Life Insurance Company and AEGON USA, LLC*

4