IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

STEPHEN K. HEGE AND LINDA S.          )
HEGE,                                 )
                                      )
             Plaintiffs,              )
                                      )
      vs.                             )    C.A. 8:10-1578
                                      )
AEGON USA, LLC, F/K/A AEGON USA,      )
INC.; AND TRANSAMERICA LIFE           )
INSURANCE COMPANY F/K/A LIFE          )
INVESTORS INSURANCE COMPANY OF        )
AMERICA,                              )
                                      )
             Defendants.              )    ANDERSON, SC
_____)    OCTOBER 26, 2010
                                           10:30 A. M.


TRANSCRIPT OF HEARING ON SUMMARY JUDGMENT MOTION


BEFORE THE HONORABLE G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT COURT JUDGE


APPEARANCES


FOR PLAINTIFFS:        PATRICK E. KNIE, ESQ.
                       KNIE LAW FIRM
                       P. O. BOX 5159
                       SPARTANBURG, SC  29304

                       GARY E. CLARY, ESQ.
                       GARY E. CLARY LAW OFFICE
                       111-2 HAMMOCK COURT
                       CENTRAL, SC  29630

                       SUSAN F. CAMPBELL, ESQ.
                       HOPKINS AND CAMPBELL
                       P. O. BOX 11963
                       COLUMBIA, SC  29211

```
FOR DEFENDANTS:        BRENT O. E. CLINKSCALE, ESQ.
                       CATHERINE R. ATWOOD, ESQ.
                       WOMBLE CARLYLE SANDRIDGE AND RICE
                       P. O. BOX 10208
                       GREENVILLE, SC  29603


COURT REPORTER:        GERI DUNN KIRKLEY
                       U. S. COURT REPORTER
                       P. O. BOX 1752
                       ANDERSON, SC  29622
                       (864) 226-2034
```

These proceedings taken by machine shorthand and

transcribed by reporter.

1                          OCTOBER 26, 2010

2                  (CASE CALLED AT 10:30 A. M.)

3              THE COURT:     ALL RIGHT, BE SEATED.

4              MR. CLINKSCALE:  MAY IT PLEASE THE COURT, YOUR

5      HONOR?

6              THE COURT:     YES, SIR.

7              MR. CLINKSCALE:  BRENT CLINKSCALE FOR

8      TRANSAMERICA LIFE INVESTORS.  IT IS OUR MOTION FOR

9      SUMMARY JUDGMENT.  SEATED NEXT TO ME IS MY ASSOCIATE, MS.

10     CATHERINE ATWOOD.  SHE IS WITH WOMBLE AS WELL.  MAY I

11     APPROACH, YOUR HONOR, AND USE THE PODIUM?

12             THE COURT:     SURE.

13             MR. CLINKSCALE:  MAY IT PLEASE THE COURT.  YOUR

14     HONOR, I THINK YOU ARE FAMILIAR WITH THESE LINES OF

15     CASES.  THIS IS ONE OF THE CASES THAT IS RELATED TO THE

16     BOIL MATTER THAT YOU HAD PREVIOUSLY.  IT DEALS WITH THE

17     ACTUAL CHARGES LITIGATION.  YOU ARE ALSO FAMILIAR, I

18     BELIEVE, WITH ---

19             THE COURT:     BEFORE WE GO ANY FURTHER,

20     JUSTIFY HOW YOU CAN FILE IN THIS CASE ABOUT 3,000

21     SEPARATE, INDIVIDUAL PAGES FOR A MOTION FOR SUMMARY

22     JUDGMENT.

23             MR. CLINKSCALE:  YOUR HONOR, WHAT WE TRIED TO

24     DO, BECAUSE OF THE ISSUES DEALING WITH WHETHER THE

25     FAIRNESS HEARING WAS ACTUALLY FAIR, AND THAT THE ISSUES

4

1    THAT WERE BROUGHT UP WERE ISSUES THAT THE PLAINTIFF HAD

2    IN HIS COMPLAINT AND HAD ALREADY BEEN ACTUALLY HEARD BY

3    THE COURT AND RULED ON.  WE WANTED TO MAKE SURE THAT YOU

4    HAD THAT IN THE RECORD.  I MEAN, I APOLOGIZE IF IT WAS

5    TOO MUCH.  I JUST DIDN'T WANT TO HAVE SOMETHING THAT

6    SHOULD BE IN THE RECORD THAT WAS ---

7            THE COURT:    YOUR CLIENT HAS A HABIT OF

8    FILING EXCESSIVE PAGES.

9            MR. CLINKSCALE:  I THINK YOU'RE RIGHT.  YOUR

10    HONOR, THEY JUST HAVE AN ISSUE OF TRYING TO MAKE SURE

11    THEY'VE GOT EVERYTHING IN THE RECORD BECAUSE OF THE

12    ISSUES BROUGHT UP BY THE PLAINTIFF'S ATTORNEYS.

13            THE COURT:    ALL RIGHT.

14            MR. CLINKSCALE:  AND THAT'S THE ONLY REASON.  I

15    WOULD LIKE EVERYTHING WE DO TO BE A LOT SHORTER,

16    INCLUDING MY ARGUMENT TODAY.

17            THE COURT:    OH, IT WILL BE.

18            MR. CLINKSCALE:  SO I WILL TRY TO DO THAT.

19    ALSO.  OUR ARGUMENT, YOUR HONOR, IS PRETTY SIMPLE.  AS

20    YOU KNOW, THE FINAL JUDGMENT IN THE RUNYAN SETTLEMENT, OF

21    WHICH MR. HEGE WAS A PART, WAS FINALIZED DECEMBER 21,

22    2009.  AND THIS ACTION WAS FILED IN JUNE OF 2010.  AS YOU

23    KNOW, THERE IS NO DISPUTE THAT MR. HEGE RECEIVED THE

24    NOTICE.

25            THE COURT:    IS THIS GENTLEMAN WITH YOU?

1          MR. CLINKSCALE:  YES, SIR, HE IS MY PARALEGAL.

2   THIS IS JOVAN DUNGEE, MY PARALEGAL.

3          THE COURT:    AND ALSO THE DOCUMENT BEARER.

4          MR. CLINKSCALE:  YES, SIR, YOUR HONOR.  I

5   THOUGHT HE GOT ON THE ROAD BEFORE WE DID.  THERE IS NO

6   DOUBT THAT MR. HEGE RECEIVED THE NOTICE.  THERE IS NO

7   DOUBT THAT HE REVIEWED THE NOTICE.  THERE IS NO DOUBT

8   THAT HE MADE A CONSCIOUS DECISION NOT TO OPT OUT OF THE

9   SETTLEMENT.  HE EVEN FILED AN OBJECTION IN THE SETTLEMENT

10  AND HE FILED A CLAIM IN THE SETTLEMENT.  SO THERE IS NO

11  DOUBT THAT HE IS PART OF THE CLASS AND THAT HE MADE A

12  CONSCIOUS DECISION TO BE A PART OF THE CLASS.

13          HE ALSO HAD COUNSEL TO ARGUE FOR HIM AT THE

14  FAIRNESS HEARING.  A LOT OF THE ISSUES THAT ARE BROUGHT

15  UP IN THE BRIEFS TODAY ARE ISSUES THAT THE JUDGE

16  CONSIDERED IN THE FAIRNESS HEARING AND ---

17          THE COURT:    I'M GOING TO TELL Y'ALL RIGHT UP

18  FRONT WHAT BOTHERS ME.  AS YOUR PREVIOUS COUNSEL DID,

19  THEY HAVE GOT AN ELEVEN-PAGE DOCUMENT BY JUDGE SUSAN

20  WEBBER WRIGHT, A VERY ABLE TRIAL JUDGE IN ARKANSAS.

21  Y'ALL SPENT COUNTLESS HOURS AND SHE TURNED DOWN YOUR

22  PETITION TO CERTIFY A CLASS, JUST TURNED YOU DOWN AFTER

23  CONSIDERABLE BRIEFING.  IT WOULD HAVE BEEN ALL RIGHT IF

24  YOU HAD STAYED IN THAT COURT.  BUT Y'ALL, YOUR CLIENT,

25  VOLUNTARILY DISMISSED THAT CASE WHEN IT WAS OBVIOUS THAT

1  SHE WAS NOT GOING TO CERTIFY THE CLASS.

2          THEN YOU WENT OVER TO STATE COURT AND GOT A

3  LOCAL JUDGE, WHO HAS ZERO CONNECTIONS WITH FEDERAL LAW

4  AND FEDERAL CASES, GOT HIM TO CERTIFY THE CLASS.  HE

5  KNOWS NOTHING, OR VERY LITTLE, ABOUT SOUTH CAROLINA LAW.

6  NOW, WHAT BOTHERS ME IS YOUR ACTIONS, OR YOUR CLIENT'S

7  ACTIONS, CIRCUMVENTING THE LAW IN BRINGING A CASE IN A

8  JURISDICTION WHERE THE PARTIES DO BUSINESS AND/OR RESIDE.

9  NO QUESTION IN MY MIND THIS CASE BELONGED IN SOUTH

10  CAROLINA.

11          BUT Y'ALL EVIDENTLY HAD A FAVORABLE JUDGE AND

12  Y'ALL WENT THROUGH THE PROCESS, PAID THE PLAINTIFFS'

13  LAWYERS THREE AND A HALF MILLION DOLLARS, AND GOT A PIECE

14  OF PAPER THAT Y'ALL HAVE BEEN BRINGING AROUND SHOWING ALL

15  JUDGES, "YOU CAN'T DO NOTHING.  WE BEAT YOU TO THE DRAW.

16  WE'VE GOT A RULING."  THAT SOMEHOW SHOCKS MY SENSE OF

17  JUSTICE.  AND I HOPE IT DOES YOU BECAUSE TO LET THAT

18  PROCEDURE GO THROUGH IN THIS CASE, OR IN ANY OTHER CASE,

19  AND IN EFFECT PUTS ONE STATE JUDGE, WHO IS ELECTED, WHO

20  DOESN'T HAVE TO KNOW ANY FEDERAL LAW, PUTS HIM ABOVE A

21  UNITED STATES DISTRICT COURT JUDGE.  YOUR POSITION IS, I

22  HAVE TO FOLLOW HIM.

23          NOW, I'M GOING TO TELL YOU WHY I DON'T THINK

24  SO, BECAUSE I THINK THE PROCEDURE IS FRAUGHT WITH FRAUD.

25  THE ATTORNEYS' FEES, THERE WAS VERY LITTLE WORK DONE THAT

1    I CAN SEE.  AND I'VE GOT ALL OF THE PAPERS FROM OVER

2    THERE.  I CAN'T SEE WHERE ANYBODY DID THREE AND A HALF

3    MILLION DOLLARS' WORTH OF WORK.  BUT THEY WERE PAID THAT

4    AMOUNT BY YOU, YOUR CLIENT.  IT JUST DOES NOT PASS THE

5    SMELL TEST.  NOW, I WILL HEAR YOU ON EVERY POINT THAT

6    I'VE RAISED.

7            MR. CLINKSCALE:  YOUR HONOR, MAY IT PLEASE THE

8    COURT, I THINK THAT YOU KNOW THAT THE ISSUES IN ARKANSAS

9    ARE ON APPEAL.  AND AS YOU SAID BEFORE, THIS PROCESS OF

10   GOING THROUGH THAT APPEAL IS TO APPEAL IT TO THE STATE

11   SUPREME COURT AND THEN BY WRIT OF CERTIORARI TO THE

12   SUPREME COURT OF THE UNITED STATES.  AND I THINK THAT

13   THAT IS THE PATH THAT THEY HAVE THAT THEY SHOULD USE.

14           THE COURT:    BUT YOU'RE NOT ENTITLED TO ANY

15   JUDGMENT AT THIS POINT IN THIS CASE.

16           MR. CLINKSCALE:  EXCUSE ME, YOUR HONOR?  I'M

17   SORRY?

18           THE COURT:    YOU ARE NOT ENTITLED TO SUMMARY

19   JUDGMENT IF YOU TELL ME THAT CASE HAS NOT BEEN FINALLY

20   ADJUDICATED.

21           MR. CLINKSCALE:  YOUR HONOR, ACTUALLY UNDER

22   ARKANSAS LAW, THE CASES SAY THAT IT IS A FINAL JUDGMENT.

23   AND THAT FOR RES JUDICATA PURPOSES, IT IS DEEMED TO BE BY

24   THE COURT IN ARKANSAS, EVEN THOUGH IT IS ON APPEAL.  THE

25   APPEAL DOES NOT DISTURB IT.  AND I THINK WE POINT THAT

1    OUT IN OUR BRIEFS, YOUR HONOR.

2              THE COURT:    WELL, THIS IS SHOCKING TO ME.

3              MR. CLINKSCALE: YES, YOUR HONOR.  AND I THINK

4    YOU KNOW WE HAVE HAD A NUMBER OF THE SOUTH CAROLINA

5    PLAINTIFFS WHO HAVE ACTUALLY OPTED OUT OF THE SETTLEMENT.

6    AND THOSE INDIVIDUALS HAVE FILED CASES.

7              THE COURT:    HOW MANY HAVE WE GOT?

8              MR. CLINKSCALE:  I THINK WE HAVE AT LEAST MAYBE

9    THIRTY OR SO THAT OPTED OUT IN SOUTH CAROLINA.

10             THE COURT:    HOW MANY HAVE Y'ALL GOT?

11             MR. KNIE:     BETWEEN THIRTY AND FORTY.

12             MR. CLINKSCALE: YES, SIR, YOUR HONOR.

13             THE COURT:    HOW MANY HAVE I GOT?

14             MR. KNIE:     ACTUALLY ONLY A FEW OF THEM ARE

15   ON CLAIM.  SO YOU MAY HAVE TWO OR THREE THAT ARE ON

16   CLAIM.  THE REST OF THE CASES HAVE BEEN CONSOLIDATED AS A

17   DECLARATORY JUDGMENT ACTION, JUST ASKING THE COURT TO

18   ADDRESS THE STATUS OF ACTUAL CHARGE LAW AS IT MIGHT

19   IMPACT THEM IF THEY EVER NEEDED TO FILE A CLAIM.

20             MR. CLINKSCALE: YES, YOUR HONOR.  AND THOSE

21   INDIVIDUALS HAVE OPTED OUT.  HERE, MR. HEGE DID NOT OPT

22   OUT AND MADE A CONSCIOUS DECISION NOT TO AND ACTUALLY

23   FILED A CLAIM.

24             THE COURT:    HE DIDN'T ADMIT THAT Y'ALL

25   COMPLIED WITH DUE PROCESS.

1                MR. CLINKSCALE:  EXCUSE ME, YOUR HONOR?

2                THE COURT:    HE DID NOT AGREE THAT Y'ALL

3      COMPLIED WITH DUE PROCESS IN THIS CASE.

4                MR. CLINKSCALE:  HE HAD AN ARGUMENT ABOUT THE

5      NOTICE, YES, SIR, YOUR HONOR.

6                THE COURT:    IN OTHER WORDS, YOU ARE TELLING

7      ME YOU ARE A WEALTHY INSURANCE COMPANY.  Y'ALL CAN GO

8      PICK OUT ANY JURISDICTION THAT YOU THINK WOULD BE

9      FAVORABLE.  AND THEN SINCE MOST OF THE PEOPLE LIKE THIS

10     DON'T HAVE ANY MEANS WHATSOEVER AND YOU MAKE THEM COME

11     WITH A LAWYER TO ARKANSAS.  NOW, THAT SEEMS TO BE BURDEN

12     SHIFTING.  THE RICH OVERPOWERS THE NORMAL PERSON.  THEY

13     CAN'T JUST PICK UP AND GO OUT THERE.

14               MR. CLINKSCALE:  MAY I RESPOND, YOUR HONOR?

15               THE COURT:    SURE.

16               MR. CLINKSCALE:  MR. HEGE DID HAVE

17     REPRESENTATION AT THE HEARING.  HE HAD MR. PAT KNIE.  HE

18     ACTUALLY REPRESENTED HIM AND PRESENTED HIS ARGUMENTS AT

19     THE FAIRNESS HEARING, PURSUANT TO YOUR DIRECTION THAT

20     THAT IS WHERE HE NEEDED TO GO TO ARGUE PER THE LAST

21     HEARING WE HAD IN YOUR COURT.

22               I WOULD SAY THAT THE CLASS COUNSEL IN THE

23     RUNYAN SETTLEMENT, HE ACTUALLY HAD THE FIRST CASES AND I

24     THINK THE RUNYAN CASES, THE RUNYAN SETTLEMENT CASES, ARE

25     A CONSOLIDATION OF SIX CASES.  I THINK FOUR OF THEM ARE

1    STATE CLASS ACTIONS AND I THINK ABOUT TWO ARE ACTUALLY

2    TWO CASES THAT WERE IN STATE COURT IN ARKANSAS.  AND

3    THAT'S WHY IT ENDED UP IN STATE COURT IN ARKANSAS.

4         THE COURT:    NO, YOU RAN TO ARKANSAS BECAUSE

5    YOU DISMISSED THE ACTION IN ARKANSAS FEDERAL COURT.  THEN

6    YOU BROUGHT IT SOME WEEKS LATER IN THE STATE COURT.  YOUR

7    DECISION.

8         MR. CLINKSCALE:  YOUR HONOR, I THINK THAT WAS

9    AN AGREEMENT OF BOTH PARTIES TO PROCEED IN THAT FASHION.

10         THE COURT:    YOU HAD ---

11         MR. CLINKSCALE:  I'M SORRY, YOUR HONOR.  I

12    DIDN'T MEAN TO INTERRUPT YOU.

13         THE COURT:    YOU HAD CONSIDERABLE CONTROL

14    OVER THE PARTIES, PAYING THEM A THREE AND A HALF MILLION

15    DOLLAR FEE.  I'M JUST SAYING THIS WHOLE THING DOES NOT

16    PASS THE SMELL TEST.

17         MR. CLINKSCALE:  MAY I RESPOND, YOUR HONOR?

18         THE COURT:    SURE.

19         MR. CLINKSCALE:  IF YOU LOOK AT THE FINDINGS BY

20    THE RUNYAN COURT JUDGE, HE WENT THROUGH ALL OF THE DUE

21    PROCESS ISSUES.  HE WENT THROUGH ALL ---

22         THE COURT:    HE CROSSED ALL THE "T's" AND

23    DOTTED ALL THE "I's".

24         MR. CLINKSCALE:  --- THE JURISDICTION ISSUES.

25    YES, YOUR HONOR, HE DID.  HE WENT THROUGH ALL OF THAT.

1    HE HAD ALL THOSE ARGUMENTS PRESENTED TO HIM.

2            THE COURT:    BUT I THINK YOUR ACTIONS SPEAK

3    LOUDER THAN HIS WORDS.  GO AHEAD.

4            MR. CLINKSCALE: YES, YOUR HONOR.  AND I THINK

5    HE WENT THROUGH ALL OF THOSE ISSUES AS HE WAS SUPPOSED

6    TO.  AND UNDER THE LAW, THE FEDERAL COURT, ESPECIALLY

7    WHEN A CASE IS FILED IN FEDERAL COURT AFTER THE STATE

8    COURT'S FINAL JUDGMENT, UNDER THE ROOKER-FELDMAN

9    DOCTRINE, SHOULDN'T GO BACK AND LOOK AT THAT IN AN

10   APPELLATE FASHION.

11           THE COURT:    DUE PROCESS CLAUSE OF THE

12   CONSTITUTION.

13           MR. CLINKSCALE: WELL, I THINK THAT JUDGE

14   ACTUALLY LOOKED AT THOSE ISSUES AND LOOKED AT ---

15           THE COURT:    A STATE JUDGE PASSING ON FEDERAL

16   CONSTITUTIONAL LAW.

17           MR. CLINKSCALE: MAY I RESPOND, YOUR HONOR?

18           THE COURT:    SURE.

19           MR. CLINKSCALE: YES, BUT A STATE COURT CAN

20   MAKE THOSE RULINGS AND ---

21           THE COURT:    I AGREE.

22           MR. CLINKSCALE: --- IN THE END GAME, THOSE

23   RULINGS ARE APPEALED TO THE U. S. SUPREME COURT.  SO I

24   THINK IN THAT FASHION THAT STATE COURT JUDGE WAS CORRECT

25   IN WHAT HE DID.  AND EVEN IF THE FEDERAL COURT BELIEVES

1   THAT THE STATE COURT IS IN ERROR, THE FEDERAL COURT

2   SHOULD NOT INTERFERE, BECAUSE WHAT THE FEDERAL COURT

3   SHOULD DO ---

4             THE COURT:    UNLESS IT IS BASED ON FRAUD.

5             MR. CLINKSCALE:  WELL, YOUR HONOR, THERE IS

6   NO ---

7             THE COURT:    AND DO YOU ADMIT THAT IF THERE

8   IS A FINDING OF FRAUD ON BEHALF OF YOUR CLIENT,

9   EVERYTHING THAT FLOWS THEREFROM GOES OUT THE WINDOW?

10            MR. CLINKSCALE:  WELL, YOUR HONOR, MAY IT

11  PLEASE THE COURT, WE BELIEVE THAT BECAUSE THE ACTION, THE

12  FEDERAL COURT ACTION, WAS FILED AFTER THE JUDGE RENDERED

13  A FINAL JUDGMENT IN ARKANSAS, THAT THIS COURT CAN'T

14  REVIEW IT OR REVERSE IT.  THEY HAVE TO GO ---

15            THE COURT:    THAT'S WHERE WE DISAGREE.

16            MR. CLINKSCALE:  I UNDERSTAND.  AND EVEN IF THE

17  COURT DECIDES IT IS GOING TO LOOK AT IT, IT HAS TO GIVE

18  THAT JUDGMENT FULL FAITH AND CREDIT.

19            THE COURT:    IF I THINK IT'S -- NO, NO.  I

20  DON'T HAVE TO GIVE FULL FAITH AND CREDIT TO A FRAUDULENT

21  ACT.

22            MR. CLINKSCALE:  WELL, YOUR HONOR, IF YOU LOOK

23  AT WHAT THE JUDGE DID IN ARKANSAS, THERE'S NO FINDINGS OF

24  FRAUD.  AND OUR POSITION IS SIMPLY THAT THIS COURT CAN'T

25  GO BACK AND LOOK AT AND LOOK AROUND WHAT HE DID IN THAT

13

1    STATE COURT.

2              THE COURT:    WELL, THAT'S WHAT I'M DOING NOW.

3              MR. CLINKSCALE:  I UNDERSTAND, YOUR HONOR.  AND

4    WE DISAGREE WITH THAT.  WE BELIEVE THEY HAVE THE AVENUE

5    TO DO THAT IN ARKANSAS, WHICH SOME OF THE PLAINTIFFS HAVE

6    DONE IN APPEALS OUT THERE.  BUT WE HAVE TO LOOK AT THIS

7    UNDER ARKANSAS LAW.  AND ARKANSAS LAW SAYS ---

8              THE COURT:    NO, WE'RE TALKING ABOUT SOUTH

9    CAROLINIANS THAT Y'ALL HAVE MADE FOR THE PURPOSE OF THIS

10   ACTION CITIZENS OF ARKANSAS, SUBJECT TO ARKANSAS LAW.

11             MR. CLINKSCALE:  YOUR HONOR, MAY IT PLEASE THE

12   COURT, BUT THEY DID NOT OPT OUT.  MR. HEGE DID NOT OPT

13   OUT, WHICH HE HAD A RIGHT TO DO.  AND MR. HEGE ACTUALLY

14   HAD A LAWYER TO REVIEW THE NOTICE TO SEE WHETHER THE

15   NOTICE WAS OKAY BEFORE HE MADE THAT PARTICULAR DECISION

16   NOT TO OPT OUT.  AND WHAT HE WANTED TO DO WAS FILE AN

17   OBJECTION WITH THE COURT.  AND HE UNDERSTOOD THAT IN

18   ORDER TO FILE AN OBJECTION, YOU HAD TO STAY IN THE CLASS.

19             THE COURT:    I UNDERSTAND THAT JUDGE OUT

20   THERE LIMITED EVERYBODY'S RECOVERY TO $15,000.

21             MR. CLINKSCALE:  YOUR HONOR, I'M SORRY.  I

22   DIDN'T UNDERSTAND YOU.

23             THE COURT:    WHERE IS THE ORDER?  WHERE IS

24   THE STATE JUDGE'S ORDER?  YOU LIMITED EVERYBODY TO A

25   MAXIMUM OF $15,000.

1           MR. CLINKSCALE:  I THINK THAT MAY BE CORRECT IN

2    THE CLASS ACTION ORDER, YOUR HONOR.

3           THE COURT:    YES, THAT'S WHAT WE'RE TALKING

4    ABOUT.

5           MR. CLINKSCALE:  YES, SIR, YOUR HONOR.  AND

6    THAT WAS AN AGREED UPON SETTLEMENT.

7           THE COURT:    THAT'S WHAT I'M SAYING IS

8    FRAUDULENT.  YOU SETTLED THE SOUTH CAROLINIANS, WHOSE

9    BILLS WERE GOING TO PROBABLY FAR EXCEED $15,000, YOU TOOK

10   THEIR MONEY AWAY FROM THEM IN THIS REPORTED CLASS ACTION

11   SETTLEMENT.

12          MR. CLINKSCALE:  WELL, YOUR HONOR, MAY IT

13   PLEASE THE COURT ---

14          THE COURT:    ISN'T THAT THE END RESULT?

15          MR. CLINKSCALE:  WELL, FIRST OF ALL, YOUR

16   HONOR, THE CLAIMANT'S ---

17          THE COURT:    ANSWER ME THAT.  ISN'T THAT THE

18   EFFECT OF YOUR CLASS ACTION?

19          MR. CLINKSCALE:  I'M ABOUT TO RESPOND, YOUR

20   HONOR.

21          THE COURT:    I WANT A YES OR NO.

22          MR. CLINKSCALE:  WELL, THE BILLS ARE PAID.

23          THE COURT:    ALL OF THEM?

24          MR. CLINKSCALE:  YES, THE BILLS ARE ALWAYS

25   PAID.  SO NONE OF THESE CLAIMANTS HAVE ANYONE COMING

1   AFTER THEM FOR THE BILLS THAT THEY ACTUALLY PAY TO THE

2   DOCTORS AND THE PROVIDERS.

3           THE COURT:    NO, SIR.  YOU'VE GOT A LIMIT OF

4   $15,000 IN THAT ORDER OUT THERE IN ARKANSAS, WHICH YOU

5   ATTEMPT TO LIMIT THE FOREIGN CITIZENS OF SOUTH CAROLINA

6   TO A $15,000 PAYOUT.

7           MR. CLINKSCALE:  OF WHICH THE INDIVIDUALS WHO

8   DID NOT OPT OUT AGREED TO.

9           THE COURT:    WELL, YOU CONTROL IT.  YOU'RE

10  THE ONE THAT CONTROLS IT.

11          MR. CLINKSCALE:  WELL, JUDGE, MAY IT PLEASE THE

12  COURT, THE CONTROL OF THE SETTLEMENT IS THE JUDGE.  YOU

13  CANNOT SETTLE THE CLASS ACTION WITHOUT A JUDGE.

14          THE COURT:    NO, HE APPROVED AN ACTION WHERE

15  Y'ALL LIMITED THE SETTLEMENT TO $15,000.

16          MR. CLINKSCALE:  AND HE WENT THROUGH ALL THE

17  REQUIREMENTS UNDER THE LAW THAT HE NEEDED TO.

18          THE COURT:    HE JUMPED THROUGH ALL THE HOOPS

19  THAT YOU ARE SUPPOSED TO JUMP THROUGH.

20          MR. CLINKSCALE:  YES, SIR.

21          THE COURT:    BUT HE MISSED.  HE DIDN'T

22  INQUIRE AS TO DUE PROCESS.  HE SAYS HE DID.  BUT I'D LIKE

23  TO KNOW WHAT HE DID.  I'D LIKE TO KNOW WHAT HE DID TO

24  REVIEW THESE CASES OVER HERE, IF ANYTHING.

25          MR. CLINKSCALE:  WELL, I THINK THE DUE PROCESS

1    IN THIS CASE GOES TO THE NOTICE.  IT GOES TO WHETHER THE

2    NOTICE IS PROPER.  HE WENT THROUGH AND DETERMINED THAT

3    THE NOTICE WAS PROPER.  HE WENT THROUGH THE COMMUNICATION

4    OF WHAT THE NOTICE SAID.

5            THE COURT:    WELL, I KNOW.  I CONCEDE HE

6    JUMPED THROUGH ALL THE HOOPS.  BUT HE MISSED THE BIG ONE.

7            MR. CLINKSCALE:  AND THAT GOES TO DUE PROCESS,

8    THE PUBLISHING OF THE NOTICE IN THE USA TODAY, THE

9    SETTING UP OF THE WEBSITE, THE ABILITY OF THE INDIVIDUALS

10   TO CALL IN AND TO ASK QUESTIONS.  ALL OF THAT GOES TO THE

11   NOTICE.  AND WHAT THE COURT HAS TO DO IS TO MAKE SURE

12   THAT THAT NOTICE SIMPLY COMPLIES WITH DUE PROCESS UNDER

13   THE CIRCUMSTANCES, AND HE MADE THAT DETERMINATION.  AND I

14   THINK HE DID DOT HIS "I's" AND CROSS HIS "T's" GOING

15   THROUGH THAT PROCESS.

16           THE COURT:    OH, I THINK Y'ALL DREW THE

17   ORDER.  YOUR LAW FIRM DREW THE ORDER.

18           MR. CLINKSCALE:  YOUR HONOR, MY LAW FIRM DID

19   NOT DRAW THE ORDER.

20           THE COURT:    OH, THE OTHER LAW FIRM DID THAT

21   I REVOKED THEIR LICENSE TO PRACTICE.

22           MR. CLINKSCALE:  THEY WERE PRACTICING BEFORE

23   HIM, ---

24           THE COURT:    YES.

25           MR. CLINKSCALE: --- YOUR HONOR.  I APOLOGIZE.

1  I DIDN'T MEAN TO INTERRUPT YOU.

2          THE COURT:    ALL RIGHT.

3          MR. CLINKSCALE:  BUT EVEN IN THAT CASE WHERE A

4  LAW FIRM OR LAWYER IS ASKED TO WRITE AN ORDER FOR A

5  JUDGE, IT DOESN'T LIMIT THE FORCE AND EFFECT OF THE

6  JUDGE'S ORDER.  IT IS STILL THE JUDGE'S ORDER.

7          THE COURT:    NO.  NO.  IF IT WAS OBTAINED BY

8  FRAUD, IT'S NOT WORTH THE PAPER IT IS WRITTEN ON.

9          MR. CLINKSCALE:  YOUR HONOR, MAY IT PLEASE THE

10 COURT, OUR POSITION IS THAT THERE IS NOTHING IN THE

11 RECORD TO SUPPORT ANY FINDING OF FRAUD.

12         THE COURT:    I'M PUTTING SOMETHING IN THE

13 RECORD.

14         MR. CLINKSCALE:  I UNDERSTAND THAT.  BUT THE

15 RECORD BEFORE YOU AND THE RECORD BEFORE THE COURT, AND

16 SPECIFICALLY THE COURT IN ARKANSAS, FOUND ---

17         THE COURT:    BUT FRAUD DOES NOT LIMIT YOU TO

18 JUST WHAT IS IN THE RECORD.  YOU CAN GO AND GIVE YOU TIME

19 -- I'M TELLING YOU THINGS THAT HAPPENED.  AND YOU SHOULD

20 HAVE KNOWN, BUT YOU SAY YOU NEVER HEARD OF IT.  I'LL GIVE

21 YOU ALL THE TIME YOU WANT TO ANSWER THESE CHARGES,

22 BECAUSE I'VE BEEN ON THIS BENCH 31 YEARS.  AND I HOPE AND

23 PRAY, I'VE NEVER LET A FRAUD CASE GET BY ME YET.

24         MR. CLINKSCALE:  WELL, YOUR HONOR, I THINK I

25 HAVE ANSWERED SOME OF THAT IN REFERENCE TO THE DUE

1    PROCESS ISSUES, WITH REFERENCE TO THE NOTICE, AND WITH

2    REFERENCE TO THE FACT THAT MR. HEGE DID NOT OPT OUT AND

3    THAT HE HAD REPRESENTATION.  SO I THINK THAT GOES TO SOME

4    OF THE POINTS THAT YOU MADE.

5            AND OUR POSITION IS THAT, ONE, I THINK WE HAVE

6    A STRONG POSITION ON THE ROOKER-FELDMAN DOCTRINE.  I

7    BELIEVE THAT THE COURT NECESSARILY HAS TO GIVE FULL FAITH

8    AND CREDIT BECAUSE THE JUDGE DID MAKE AN INQUIRY AS TO

9    JURISDICTION, SUBJECT MATTER JURISDICTION, IN WHAT HE

10   HAD.  AND YOU WILL SEE THAT A NUMBER OF THE ATTORNEYS

11   BROUGHT UP THE JURISDICTION QUESTION.  AND I THINK ---

12           THE COURT:    IS IT YOUR ---

13           MR. CLINKSCALE:  I'M SORRY, YOUR HONOR?

14           THE COURT:    IS IT YOUR VIEW OF THE LAW THAT

15   YOU CAN GO OVER IN GEORGIA AND GET YOU A JUDGE ELECTED

16   LIKE THEY ARE IN ARKANSAS, ELECTED BY THE PEOPLE, THEIR

17   VENUE IS HIGHLY LIMITED, AND GET AN ORDER THAT AFFECTS

18   EVERYBODY IN ALL 50 STATES?

19           MR. CLINKSCALE:  WELL, YOUR HONOR, I THINK WHAT

20   YOU HAVE TO DO IS MAKE SURE THAT YOU JUMP THROUGH THE

21   HOOPS OF RULE 23, THAT YOU GIVE THE PROPER NOTICE TO

22   EVERYBODY IN THE CLASS, YOU GIVE THEM THE OPPORTUNITY TO

23   OPT OUT OF THE CLASS, AND YOU GIVE THEM THE OPPORTUNITY

24   TO BE HEARD.

25           THE COURT:    AND IF THEY DON'T DO WHAT YOU

1    SAY, YOU SAY THEY'VE HAD DUE PROCESS?

2          MR. CLINKSCALE:  YES, SIR, YOUR HONOR.  WE

3    BELIEVE THAT MR. HEGE HAS HAD DUE PROCESS.  AND ALL WE'RE

4    TALKING ABOUT HERE IS MR. HEGE, BECAUSE THE ONLY PERSON

5    BEFORE THIS COURT IS MR. HEGE IN THIS PARTICULAR CASE.

6          THE COURT:    I'M TAKING A VIEW OF THE CASE AS

7    A WHOLE.  I'VE BEEN IN THIS THING FOR ABOUT TWO YEARS

8    NOW, OR MAYBE LONGER.  AND I THINK I KNOW MORE ABOUT IT

9    THAN YOU DO, OR MORE ABOUT IT THAN THEY TOLD YOU.  I

10   DON'T THINK YOU WERE TOLD EVERYTHING.

11         MR. CLINKSCALE:  YOUR HONOR, I THINK YOU KNOW

12   MORE THAN I DO, TOO.

13         THE COURT:    NO, I'M TALKING ABOUT THE FACTS.

14         MR. CLINKSCALE:  BUT WE DO BELIEVE THAT YOU

15   HAVE TO GIVE RES JUDICATA EFFECT TO THIS ORDER.  AND WE

16   THINK THE JUDGE WENT THROUGH THE PROPER PROCESS OF

17   LOOKING AT THOSE PARTICULAR ISSUES AND WE ALSO THINK THAT

18   YOU HAVE TO GIVE COLLATERAL ESTOPPEL EFFECT.  AND THERE

19   IS A RELEASE, A RELEASE THAT IS ASSOCIATED WITH THE

20   ACTUAL SETTLEMENT.

21         THE COURT:    A RELEASE TO A LIMIT OF THE

22   AMOUNT AND A RELEASE FOR ALL LIABILITY THAT THEY MAY HAVE

23   IN THE FUTURE.

24         MR. CLINKSCALE:  YES, YOUR HONOR.  AND WE

25   BELIEVE THAT IN THIS CASE ---

1           THE COURT:     I JUST THINK, AS I SAY, IT WON'T

2    PASS THE SMELL TEST.

3           MR. CLINKSCALE:  I UNDERSTAND, YOUR HONOR.  AND

4    FINALLY, YOUR HONOR, WE DO BELIEVE THAT PUBLIC POLICY IS

5    ON THE SIDE OF THE DEFENDANTS IN THIS CASE, BECAUSE

6    PUBLIC POLICY PROMOTES THAT WE TRY TO SETTLE CLASS

7    ACTIONS AND HAVE A COMPREHENSIVE SETTLEMENT SO THAT THERE

8    ISN'T DUPLICITOUS LITIGATION ALL AROUND THE COUNTRY IN

9    REFERENCE TO THESE TYPE ISSUES.  SO I THINK THE

10   DEFENDANTS HAVE PUBLIC POLICY ISSUES ON THEIR SIDE, ALSO.

11          SO, YOUR HONOR, THAT IS OUR MOTION IN THIS

12   CASE.  AND WE BELIEVE THAT THE COURT MADE THE PROPER

13   FINDINGS.  THE COURT WENT THROUGH THE PROPER SUBJECT

14   MATTER DUE PROCESS HOOPS.

15          THE COURT:     I UNDERSTAND.

16          MR. CLINKSCALE:  AND WENT THROUGH THE ISSUES

17   THAT IT NEEDED TO GO THROUGH IN ORDER TO GET TO THE FINAL

18   JUDGMENT AND HAD THE APPROPRIATE TIMINGS IN REFERENCE TO

19   THE NOTICE.  AND REMEMBER, JUDGE, WE'RE ONLY TALKING

20   ABOUT MR. HEGE HERE, AND WHAT MR. HEGE DID.  THESE OTHER

21   PEOPLE WHO OPTED OUT, THEIR CASES -- YOU HAVE THOSE

22   CASES.  AND IN THE PROPER TIME, THOSE WILL BE PRESENTED

23   TO YOU.  BUT HERE, THE STANDING ISSUES SAY THAT THIS IS

24   THE ONLY PERSON BEFORE THE COURT NOW IN THIS CLAIM IS MR.

25   HEGE.

21

```
1              THE COURT:    ALL RIGHT.

2              MR. CLINKSCALE:  THANK YOU, YOUR HONOR.

3              THE COURT:    THANK YOU.  ALL RIGHT.

4              MR. KNIE:      YOUR HONOR, LET ME FIRST SAY

5   THAT WE ARE NOT HERE, PER SE, ASKING THAT YOU OVERTURN

6   THE ARKANSAS DECISION COMPLETELY, BUT WE ARE SIMPLY

7   ASKING THAT YOU CARVE STEVE HEGE OUT OF THE ARKANSAS

8   DECISION FOR THE SAME REASONS THAT I ASKED THE ARKANSAS

9   COURT TO DO THAT.  THIS IS NOT A CLASS ACTION AS WE WERE

10  BEFORE YOU BEFORE SEEKING -- I GUESS A YEAR AGO.  BUT

11  TODAY WE COME BEFORE YOU SAYING THAT FOR TWO SOLID

12  REASONS THERE ARE QUESTIONS OF FACT THAT NEED TO BE

13  EXPLORED IN THIS CASE.

14              THE FIRST IS TO THE ADEQUACY OF THE NOTICE

15  ITSELF WITH REGARD TO MR. HEGE AND EVERYBODY, FOR THAT

16  MATTER.  AND SECONDLY, AND YOU'VE ALREADY ADDRESSED IT

17  VERY ARTICULATELY, THE ADEQUACY OF CLASS REPRESENTATIVES

18  AND CLASS COUNSEL.

19              NOW, FIRST, AS TO THE ADEQUACY OF THE NOTICE TO

20  MR. HEGE, WE DON'T NEED TO LOOK ANY FURTHER THAN MR.

21  HEGE'S OWN AFFIDAVIT.  IN HIS AFFIDAVIT, MR. HEGE SAID, I

22  BOUGHT A POLICY AND I BELIEVE THE POLICY SAID THEY WERE

23  GOING TO PAY ME THE EXACT ACTUAL AMOUNT OF THE CHARGES

24  THAT WERE CHARGED.  HE RELIED ON THAT.  HE GOT CANCER.

25  AND FOR THREE YEARS, THAT'S WHAT THEY DID.  THEY PAID HIM
```

1   EXACTLY THE AMOUNT BILLED BY PROVIDERS.

2          THEN THREE YEARS LATER HE GETS A LETTER FROM

3   TRANSAMERICA SAYING, WE ARE GOING TO CHANGE OUR CLAIMS

4   PRACTICES.  HE DIDN'T LIKE IT, BUT HE SAT THERE AND HE

5   GOT A LETTER NEXT THAT SAID, WE ARE PUTTING YOU ON NOTICE

6   OF A CLASS ACTION SETTLEMENT IN ARKANSAS.  AND OF COURSE,

7   HE WAS A LITTLE SHOCKED AND SURPRISED AS TO WHY HE WOULD

8   BE GETTING SOMETHING FROM THE STATE COURT IN ARKANSAS.

9          NOW, HE AND HIS WIFE CAREFULLY READ IT OVER.

10  AND AS HE TESTIFIED TO IN HIS DEPOSITION LAST FRIDAY, HE

11  AND HIS WIFE ALONE PREPARED THE OBJECTION THAT I'M SURE

12  THE COURT HAS READ AND THEY MAILED IT IN.  AND HE SAID,

13  AND THIS IS VERY, VERY IMPORTANT.  THE REASON THAT HE

14  OBJECTED, BUT DID NOT OPT OUT, WAS THAT HE BELIEVED THAT

15  HE WOULD HAVE TO PAY BACK BENEFITS IF HE DID NOT JOIN.

16

17         AND HERE IS WHERE THE FRAUD COMES IN, JUDGE.

18  THIS IS LANGUAGE RIGHT OUT OF THE CLASS SETTLEMENT

19  NOTICE.  THE COMPANY WILL AGREE TO WAIVE AND NOT PURSUE

20  ANY CLAIMS, OR COUNTERCLAIMS, FOR OVERPAYMENT OF

21  BENEFITS.  WELL, HE FELT COERCED.  HE DIDN'T LIKE IT, BUT

22  HE COULD NOT AFFORD TO BE IN A POSITION WHERE HE WAS

23  GOING TO HAVE TO PAY BACK THIS MONEY THAT HE WAS BEING

24  PAID FOR THE LAST THREE YEARS.

25         NOW, AS THE COURT WELL KNOWS, AND I WILL KNOW,

1    THAT STATEMENT IS WORTHLESS EXCEPT TO COERCE A

2    POLICYHOLDER.  HOW COULD THEY HAVE A CLAIMS PRACTICE THAT

3    SAID THEY HAD TO PAY THAT MONEY FOR THREE YEARS, CHANGE

4    THEIR CLAIMS PRACTICE, AND REALLY THINK THEY COULD

5    COLLECT MONEY BACK?

6            NO, WHAT IT WAS, YOUR HONOR, IT WAS A VERY

7    CLEVERLY AND ARTFULLY WORDED CLASS ACTION NOTICE TO

8    INTIMIDATE POLICYHOLDERS INTO AGREEING TO REMAIN IN A

9    SETTLEMENT WHERE THEY WOULD ONLY GET $15,000 AND THEY MAY

10   HAVE HUNDREDS OF THOUSANDS OF DOLLARS IN CLAIMS.  AND

11   WHAT IT DID IS, IT ACTUALLY TREATED POLICYHOLDERS

12   DIFFERENT WITHIN THE SAME CLASS.

13           SOMEONE LIKE STEVE HEGE WOULD HAVE BEEN

14   ENTITLED TO RECOVER POTENTIALLY HUNDREDS OF THOUSANDS OF

15   DOLLARS AND WOULD BE LIMITED TO $15,000.  SOMEONE ELSE

16   MAY HAVE ONLY BEEN ENTITLED TO RECOVER $15,000.  THAT

17   PERSON WOULD GET A HUNDRED PERCENT.  STEVE HEGE MAY ONLY

18   GET FIVE OR TEN PERCENT.  SO THE CLASS MEMBERS WOULD BE

19   TREATED DIFFERENTLY.

20           SO STEVE, IN THE STRONGEST OF TERMS, OBJECTED.

21   HE BEGGED THE ARKANSAS COURT, PLEASE HELP US.  WE ARE

22   HONEST PEOPLE, BUT THIS IS NOT RIGHT.  HE COULDN'T GO TO

23   ARKANSAS BECAUSE OF THE STATE OF HIS HEALTH, YOUR HONOR.

24   AND BECAUSE OF HIS IMMUNE SYSTEM, HE COULDN'T FLY ON

25   PLANES.  IF HE DROVE, HE COULDN'T STAY IN HOTELS.

24

1          I AGREED TO SPEAK ON HIS BEHALF IN ARKANSAS.

2          AND I ATTENDED THE HEARING ON NOVEMBER 9TH.  AND

3   WHEN I ATTENDED THE HEARING, I WAS ALLOWED TO SPEAK.  AND

4   I BRIEFLY TOLD THE COURT A FEW THINGS.  I SAID, NUMBER

5   ONE, YOUR HONOR, THERE IS THE WARD DECISION IN SOUTH

6   CAROLINA, WHICH IS CONTRARY TO WHAT IS TAKING PLACE HERE

7   AND THE RULE OF LAW IN OUR STATE.  AND NOWHERE IN THE

8   CLASS NOTICE WERE SOUTH CAROLINIANS, AND PARTICULARLY

9   STEVE HEGE, ADVISED OF THE WARD DECISION.

10          SECONDLY, YOUR HONOR, IN THE CLASS NOTICE

11   ITSELF, THEY ARE RELYING ON AN ACTUAL CHARGE STATUTE THAT

12   HAD JUST BEEN ENACTED IN SOUTH CAROLINA AND MAKING

13   POLICYHOLDERS TO BELIEVE THAT SOMEHOW IT WOULD BE

14   RETROACTIVE, WHEN IN FACT WE ALL KNOW IT'S A PROSPECTIVE

15   PIECE OF LITIGATION AND THE COURT SHOULD RECOGNIZE IT AS

16   SUCH.  AND I HANDED UP AN ORDER OF JUDGE JOE ANDERSON

17   ADDRESSING THAT ISSUE.

18          THEN I ALSO TOLD THE ARKANSAS COURT THAT THERE

19   WAS A SOUTH CAROLINA INSURANCE REGULATION THAT PREVENTED

20   EXACTLY WHAT THAT COURT WAS TRYING TO DO.  IT SAYS YOU

21   CAN'T CHANGE A POLICYHOLDER'S INSURANCE POLICY EXCEPT IT

22   HAS TO BE IN WRITING AND SIGNED BY THE POLICYHOLDER.

23          I ALSO MENTIONED THE CASE OF NICHOLS VS. STATE

24   FARM AND INFORMED THE COURT THAT WE HAVE A BAD FAITH LAW

25   IN SOUTH CAROLINA THAT ALLOWS US TO SUE INSURANCE

1    COMPANIES FOR BAD FAITH THAT DOES NOT EXIST IN OTHER

2    STATES.  THEREFORE, YET ANOTHER CAUSE OF ACTION.

3            IN CONCLUSION, I SAID TO THE COURT, WE WOULD

4    ASK THAT YOU EITHER CARVE OUT SOUTH CAROLINA OR RE-NOTICE

5    EVERY MEMBER OF THE SOUTH CAROLINA PORTION OF THE CLASS

6    AND TELL THEM AT LEAST AT A MINIMUM THE THREE THINGS THAT

7    I JUST ADDRESSED.  AND I POINTED OUT TO THE COURT THAT

8    UNDER A U. S. SUPREME COURT DECISION, CALLED I BELIEVE

9    SHUTTS, EVERY STATE OR FEDERAL COURT IS REQUIRED TO DO A

10   STATE-BY-STATE ANALYSIS WHEN YOU ARE DEALING WITH A

11   NATIONAL CLASS ACTION BEFORE YOU RULE ON IT.

12           THEY DIDN'T DO THIS OR THEY WOULD HAVE KNOWN

13   ABOUT WARD.  THEY WOULD HAVE KNOWN ABOUT THE SOUTH

14   CAROLINA STATUTE BEING PROSPECTIVE AND THE SOUTH CAROLINA

15   REG.

16           SO, IN ESSENCE, I SAID, JUDGE, JUST RE-NOTICE

17   THE FOLKS IN SOUTH CAROLINA OR LET STEVE HEGE OUT.  AND

18   WHAT HARM WOULD IT HAVE BEEN TO LET ONE PERSON OUT,

19   BECAUSE HE WAS THE ONLY PERSON REPRESENTED THAT SHOWED

20   UP, EXCEPT THE TWO PEOPLE FROM MISSISSIPPI.  IT WASN'T

21   LIKE IT WAS GOING TO CHANGE THE CLASS AND MASSES OF

22   PEOPLE WERE SHOWING UP TRYING TO GET OUT.

23           SO CLEARLY, THE NOTICE WAS DEFECTIVE.  IT

24   FAILED TO INFORM SOUTH CAROLINIANS, AND IT WAS

25   FRAUDULENT, IN THAT IT SAID THAT YOU MIGHT HAVE TO PAY

1    BACK MONEY.  BUT EVEN MORE IMPORTANTLY, AS THE COURT

2    POINTED OUT, CLASS COUNSEL AND CLASS REPRESENTATIVES WERE

3    TOTALLY INADEQUATE.  WHAT THE U. S. SUPREME COURT HAS

4    SAID IS, FOR SOMEONE TO ASK FOR FULL FAITH AND CREDIT,

5    ASK FOR RES JUDICATA, THE BURDEN IS ON THEM.  AND YOU

6    MUST LOOK TO THE LAW OF THE RENDERING STATE.

7              AND OF COURSE, ARKANSAS WOULD BE THE RENDERING

8    STATE.  AND IN ARKANSAS, THERE ARE FIVE ELEMENTS THAT YOU

9    MUST PROVE TO ESTABLISH RES JUDICATA.  THE MOST IMPORTANT

10   ONE IS THE THIRD ONE.  AND THAT ELEMENT SAYS THAT THE

11   CASE AT HAND MUST TRULY BE AN ADVERSARIAL CONTEST.

12             AND CLEARLY WHAT YOU HAD BEFORE THE ARKANSAS

13   COURT WAS SIMPLY A PRE-LITIGATION AGREEMENT TO GET A

14   JUDGMENT.  ALMOST EVERY CASE IN THE UNITED STATES --

15   EVERY STATE IN THE UNITED STATES REQUIRES FOR EVERY CASE

16   TO BE CONTESTED IN GOOD FAITH.  IN THE RUNYAN CASE, THERE

17   WAS NO DISCOVERY.  THERE WERE NO DEPOSITIONS TAKEN, AND

18   AS THE COURT POINTED OUT, BUT YET SOMEHOW THE LAWYERS

19   EARNED THREE AND A HALF MILLION DOLLARS.

20             THE COURT:    IT WAS PENDING A TOTAL OF THREE

21   WEEKS.

22             MR. KNIE:    YES, SIR.  IT WAS ACTUALLY FILED

23   AND THEY IMMEDIATELY REQUESTED THE PRELIMINARY APPROVAL

24   HEARING.  AND THE ONLY REASON IT TOOK UNTIL NOVEMBER FOR

25   THEM TO HAVE A FINAL HEARING WAS BECAUSE THERE WAS ONE

1    SCHEDULED IN JULY THAT AS I REMEMBER WASN'T PROPERLY

2    NOTICED.  AND UNFORTUNATELY ONE OF MY COLLEAGUES FLEW ALL

3    THE WAY TO ARKANSAS TO ARGUE WHAT I ULTIMATELY ARGUED,

4    ONLY FOR IT NOT TO GET ARGUED.  SO WHAT REALLY HAPPENED

5    IS I THINK IT WAS MAYBE FILED IN MARCH AND FINAL APPROVAL

6    WOULD HAVE BEEN FOUR MONTHS LATER IN JULY, EXCEPT FOR THE

7    CONTINUANCE.

8            SO CLEARLY, THE DEFENDANT HAS NOT CARRIED THE

9    BURDEN OF PROOF.  CLEARLY THERE ARE SERIOUS QUESTIONS OF

10   FACT ABOUT THE ADEQUACY OF THE NOTICE, ABOUT THE ADEQUACY

11   OF THE REPRESENTATION.

12           THE COURT:    WELL, YOUR CO-COUNSEL IS TRYING

13   TO GET YOUR ATTENTION.

14           MR. KNIE:    THEY CLAIM NOT, BUT I'M SURE

15   THERE'S SOMETHING THAT I NEED TO KNOW THAT I DON'T KNOW

16   RIGHT NOW, YOUR HONOR.  BUT IN CONCLUSION ---

17           THE COURT:    WELL, I THINK THEY'RE TRYING TO

18   GET YOUR ATTENTION.

19           MR. KNIE:    THEN YOU'RE RIGHT.  LET ME SAY

20   ONE OTHER THING, YOUR HONOR, ABOUT THE ISSUE OF APPEAL.

21   THE APPEAL IN ARKANSAS IS ONLY AN APPEAL BY SOME PEOPLE

22   THAT TRIED TO INTERVENE AND WERE NOT ALLOWED TO

23   INTERVENE.  IT WASN'T AN APPEAL ON THE MERITS OF THE

24   WHOLE CASE.

25           AND WHETHER THE APPEAL IN ARKANSAS IS PENDING

1    OR NOT IN NO WAY AFFECTS THIS COURT'S ABILITY TO MAKE A

2    FINDING IN SOUTH CAROLINA THAT THE NOTICE WAS DEFECTIVE;

3    THAT THE REPRESENTATIVES WERE DEFECTIVE; AND THEREFORE,

4    THAT WE SHOULD NOT BE BOUND AND IT SHOULD NOT BE RES

5    JUDICATA.

6             BUT AGAIN, WE ARE NOT HERE ON A MOTION SEEKING

7    JUDGMENT ON THE MERITS TODAY.  WE ARE SIMPLY DEFENDING A

8    MOTION FOR SUMMARY JUDGMENT.  AND THERE ARE AMPLE FACTS

9    THAT WOULD ESTABLISH THAT, IN FACT, WE SHOULD PREVAIL IN

10   THIS MATTER, YOUR HONOR.  THANK YOU.

11             THE COURT:    ALL RIGHT.

12             MR. CLINKSCALE: MAY IT PLEASE THE COURT.  YOUR

13   HONOR, A SHORT REPLY?

14             THE COURT:    YOU MAY.

15             MR. CLINKSCALE:  I THINK THAT MR. KNIE -- HE

16   JUST GOT UP HERE AND SHOWED YOU THE DUE PROCESS.  HE WENT

17   TO ARKANSAS AND HE PUT ALL OF THESE ARGUMENTS BEFORE THAT

18   JUDGE.

19             THE COURT:    APPARENTLY THE JUDGE DIDN'T

20   LISTEN.

21             MR. CLINKSCALE:  WELL, THE JUDGE DID CONSIDER

22   THEM AND RULED AGAINST THEM.  AND THAT'S WHAT I'M TALKING

23   ABOUT.  EVEN THOUGH THE FEDERAL COURT MAY DISAGREE WITH

24   WHAT THE JUDGE DID, THE FEDERAL COURT MAKES THE INQUIRY

25   AS TO DID HE ACTUALLY LOOK AT THESE THINGS?  DID HE

1    CONSIDER THEM?  NOT WHETHER HE'S WRONG OR RIGHT.

2          YOUR HONOR, HE SAYS HE WANTS YOU TO -- AS HE

3    WENT TO ARKANSAS AND ASKED THEM TO CARVE OUT SOUTH

4    CAROLINA, HE WANTS YOU TO CARVE OUT MR. HEGE AND HE WANTS

5    YOU TO UNDO THE SETTLEMENT IN THE CLASS ACTION AS TO MR.

6    HEGE.  IF YOU GO DOWN THAT PATH, YOU HAVE TO UNDO THE

7    SETTLEMENT -- THE WHOLE LISTED SETTLEMENT WITH ALL OF

8    THESE OTHER INDIVIDUALS WHO ARE NOT EVEN IN SOUTH

9    CAROLINA.  AND WHAT ABOUT THEIR DUE PROCESS?  AND I DON'T

10   THINK THAT THIS COURT CAN DO THAT.

11         THE COURT:    I DON'T HAVE THEM BEFORE ME.

12   BUT I KNOW THEY ARE GATHERING SOMEWHERE AND PRAYING THAT

13   THEY ARE RELIEVED.

14         MR. CLINKSCALE:  AND YOUR HONOR, HE WENT

15   THROUGH THE ADEQUACY OF THE NOTICE.  WELL, THE COURT

16   CONSIDERED THE ADEQUACY OF THE NOTICE.  AND HE FAILED TO

17   STATE TO YOU, WHICH I STATED AT THE BEGINNING, THAT MR.

18   HEGE ACTUALLY SENT HIS NOTICE TO HIS ATTORNEY TO REVIEW

19   AND GOT A RESPONSE FROM HIS ATTORNEY ABOUT THE NOTICE.

20         THE COURT:    AND THE ATTORNEY SAID, DO WHAT

21   YOU WANT TO.

22         MR. CLINKSCALE:  HE SAID THE NOTICE WAS LEGIT.

23   IT WAS OKAY.  AND YOU CAN OPT OUT OR YOU CAN STAY IN.

24   THAT'S WHAT HIS ATTORNEY -- HE GOT LEGAL ADVICE.  WHETHER

25   THE LEGAL ADVICE IS WRONG OR RIGHT, I'M NOT OPINING ON

30

1    THAT AT ALL.

2              THE COURT:     OKAY.

3              MR. CLINKSCALE:  THANK YOU, YOUR HONOR.

4              THE COURT:     THANK YOU.  ALL RIGHT, ANYTHING

5    ELSE?

6              MR. KNIE:      NO, YOUR HONOR.

7              THE COURT:     ALL RIGHT, I'LL GET TO THIS

8    TODAY OR TOMORROW, AT LEAST BY FRIDAY.  OKAY.

9              MR. CLINKSCALE:  THANK YOU, YOUR HONOR.

10             MR. KNIE:      THANK YOU, JUDGE.

11             THE COURT:     ALL RIGHT, THANK YOU, GENTLEMEN.

12             (END OF HEARING)

13                       CERTIFICATE

14   I, GERI DUNN KIRKLEY, U. S. COURT REPORTER FOR THE

15   DISTRICT OF SOUTH CAROLINA, DO HEREBY CERTIFY TO THE BEST

16   OF MY ABILITY AND KNOWLEDGE THAT THE FOREGOING PAGES

17   CONSTITUTE AND TRUE AND CORRECT TRANSCRIPT OF THE

18   PROCEEDINGS IN THE WITHIN-CAPTIONED CASE.

19

20

21

22

23                              *Geri Dunn Kirkley*

24                         UNITED STATES COURT REPORTER

25

1