UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Stephen K. Hege and Linda S. Hege, ) | |
| ) | C/A No.: 8:10-cv-01578-GRA |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Aegon USA, LLC, f/k/a Aegon USA, ) | |
| Inc., and Transamerica Life Insurance ) | |
| Company, f/k/a Life Insurance ) | |
| Investors Insurance Company of ) | |
| America, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiffs' Motion to Compel Differential Information. After reviewing the parties' filings and the applicable case law, this Court has determined that a decision on this Motion may be rendered without oral argument. For the reasons set forth below, Plaintiffs' Motion is granted.

## **Background**

Plaintiffs served interrogatories upon Transamerica Life Insurance Company ("Transamerica"); two of those interrogatories, and Transamerica's responses thereto, are the subject of Plaintiffs' Motion to Compel. First, in Interrogatory No. 9, Plaintiffs seek an itemized statement of the amounts of money that Transamerica

Transamerica[1] would have paid Plaintiffs if it had continued to pay claims according to "list prices" (*i.e.*, the amount that Mr. Hege's healthcare providers had initially billed him) instead of paying the amount that the provider ultimately accepted as payment in full.  Second, in Interrogatory No. 10, Plaintiffs seek the total amount of money Transamerica would owe Plaintiffs if this Court were to find that Transamerica should have paid claims according to list prices.  In short, Plaintiffs seek payment differential information.

Transamerica objected to those interrogatories on grounds that they required Transamerica to create information it did not already have and to speculate on a hypothetical situation.  Transamerica further responded that Plaintiffs should make these calculations themselves because they possess all the documentation needed to make the calculations, they bear the burden of proving their damages, and the burden of making these calculations is substantially the same for both sides.  However, Transamerica did provide Plaintiffs a list that identified, by Bates number, specific documents that Plaintiffs could use to make the calculations.[2]

---

[1] Life Investors Insurance Company of America ("Life Investors"), which previously was the insurer on Plaintiffs' policy, merged into Transamerica in 2008.  All references to Transamerica in this Order should be construed to also reference Life Investors and any other predecessor insurer on Plaintiffs' policy.

[2] Transamerica had previously produced those documents in response to requests for production.

In their Motion to Compel, Plaintiffs ask this Court to enter an order overruling Transamerica's objections and compelling it to supplement its answers to the interrogatories. Plaintiffs argue that this information is relevant to damages and that Transamerica either already has the information sought or could quickly make the calculations. In support of this argument, Plaintiffs point out that in other "actual charges" cases, Transamerica has calculated payment differentials for numerous policyholders. Based on deposition testimony from a claims manager of a Transamerica affiliate, Plaintiffs also contend that only someone trained in Transamerica's claims processing practices can accurately calculate the payment differential. Thus, Plaintiffs argue, Transamerica cannot avoid responding by claiming that the information sought does not exist, is based on a hypothetical situation, or would be equally burdensome for either side to determine.

In response, Transamerica restates and expands upon the objections it made to the interrogatories. Transamerica states it does not have the requested information, nor does it have a database or computer system that would enable it to make the requested calculations; only a manual review of the claims could produce the information sought. Transamerica further argues the discovery rules do not require it to make these calculations, particularly when Plaintiffs, who bear the burden of proving their damages, have all the documents Transamerica would use to make the requested calculations and thus can do it themselves. Therefore,

Transamerica argues, the document list it provided in its supplemental response was a sufficient response to the interrogatories.

## Discussion

Transamerica does not dispute the relevance and general discoverability of the type of information sought. Rather, Transamerica initially contends it should not have to engage in calculations to produce the differential information.

"If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, *whether personally known to the answering party or not*." *Nat'l Fire Ins. Co. v. Jose Trucking Corp.*, 264 F.R.D. 233, 238 (W.D.N.C. 2010) (emphasis added) (citing *Wycoff v. Nichols*, 32 F.R.D. 370 (W.D. Mo. 1963)). Indeed, in a similar "actual charges" case, *Lindley v. Life Investors Insurance Co. of America*, No. 08-cv-379-CVE-PJC (N.D. Okla. Nov. 5, 2009), the plaintiffs in that case sought the same type of differential information seek here, for 104 policyholders. Although Transamerica claimed that producing such information was overly burdensome, the court found that the burden did "not preclude discovery of the information" and ordered Transamerica to produce it. *Id.*, slip op. at *2. As calculating payment differentials for 104 policyholders is not unduly burdensome, it follows that calculating and producing the payment differential for Plaintiffs is not unduly burdensome either. Transamerica's contention is without merit.

Here, however, Transamerica has not merely denied a duty to produce payment differentials. Perhaps learning from its experience in *Lindley*, here Transamerica responded to the interrogatories using Federal Rule of Civil Procedure 33(d), which, in certain situations, permits a party to respond to an interrogatory by producing business documents in lieu of directly answering the interrogatory. Thus, whether Plaintiffs' motion to compel should be granted turns on whether Transamerica's Rule 33(d) response is an adequate, complete response. *See* Fed. R. Civ. P. 37(a)(4) (for the purposes of a motion to compel, an incomplete response must be treated as a failure to respond).

> Rule 33(d) provides as follows:
>
> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>>
>> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Although the Fourth Circuit Court of Appeals has not articulated a standard for evaluating a Rule 33(d) response, district courts in this Circuit have followed a two-step analytical framework. *See, e.g.*, *Nat'l Fire Ins. Co*, 264 F.R.D. at 239; *S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576–77 (M.D.N.C. 2002). First, the moving

party must make a prima facie showing that a Rule 33(d) response is an inadequate means to answering the interrogatories, "whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons." *Elfindepan, S.A.*, 206 F.R.D. at 576. If the moving party makes this showing, the burden then shifts to the producing party to justify responding under Rule 33(d) instead of directly answering the interrogatories. *Id.*

### A.      Prima Facie Showing of Inadequacy

A Rule 33(d) response is an appropriate answer to a request "requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents." *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005). However, a Rule 33(d) response is inappropriate where the interrogatory calls for "the exercise of particular knowledge and judgment on the part of the responding party." *Id.* at 419. In that case, the respondent must fully answer the interrogatory by traditional means. *Id.* at 420.

Plaintiffs do not contend that their payment differential cannot be calculated using the documents Transamerica produced and identified in its document list. Instead, they argue that the information is too difficult for them or their attorneys to extract from the documents. Specifically, they assert that only a claims analyst familiar with Transamerica's processing practices can accurately calculate the differential information, and therefore use of Rule 33(d) is inappropriate. In support,

Plaintiffs cite the deposition of James Byrne, a claims analysis director for a Transamerica affiliate. In that deposition, Mr. Byrne explains the various factors that must be considered in order to calculate the difference between "list price" benefits and "actual charges" benefits. For example, Mr. Byrne states that calculating the difference requires the processor to factor in all applicable deductibles and benefit maximums under the policy. (Pls.' Reply, Ex. A., at 164, ECF No. 62-1.) He also states that, to determine whether a cancer drug is covered under a policy, a claims processor reviews that drug in the Physician's Desk Reference and then decides whether that drug's uses are compatible with the policy's definitions. (*Id.* at 174–75.)

Mr. Byrne's testimony tends to indicate that the exercise of judgment as to coverage of treatments plays a meaningful role in the calculation of a payment differential. Given that need for judgment, as well as Transamerica's familiarity with processing claims under its own policies, the Court concludes that Plaintiffs have made a prima facie showing of inadequacy.

### B.     Justification for Making Rule 33(d) Response

The burden now shifts to Transamerica to show that its document-only response was justified. To prove justification, the producing party must do four things: (1) specify for each interrogatory the actual documents where the information will be found; (2) affirm that the information sought in the interrogatory is in fact available in the specified records; (3) demonstrate that directly answering

the interrogatory would impose a burden upon it; and (4) show that the burden of compiling the information is substantially the same for both parties. *Elfindepan*, 206 F.R.D. at 276–77.

Transamerica has satisfied the first two prongs. In its Supplemental Responses and Objections to the interrogatories, Transamerica referred Plaintiffs to the following types of documents: the insurance policy, checks issued to Plaintiffs, explanation of benefit forms, and Plaintiffs' claim submissions. (*See* Pls.' Mot., Ex. B. at 2, 3–4, ECF No. 51-2.) Transamerica identified the relevant documents by Bates number and stated that the documents would allow Plaintiffs to "ascertain and derive all information" they seek. (*Id.* at 2, 3.) *Cf. Hillyard Enters., Inc. v. Warren Oil Co., Inc.*, No 5:02-cv-329, 2003 WL 25904133, at *2 (E.D.N.C. Jan. 31, 2003) (finding that producing party did not meet this prong because it made no affirmations of completeness in its discovery response).

As for the third prong, the burden on the respondent must be significant; information that can readily be found by simple reference to documents is insufficient. *Thomason v. Leiter*, 52 F.R.D. 290, 291 (M.D. Ala. 1971). Here, Mr. Byrne submits in a declaration that the differential information sought is not readily available to Transamerica in any form. (Transamerica's Resp., Ex. 1, at ¶5, ECF No. 61-1.) However, in two other "actual charges" cases, Mr. Byrne has provided declarations in which he set forth precise payment differentials. (*See* Pls.' Reply, Exs. B & C, ECF Nos. 62-2 & 62-3.) In one case, Mr. Byrne provided a declaration

in support of removal that included a to-the-cent calculation of an aggregate payment differential for 265 policyholders. (Pls.' Reply, Ex. B ¶ 5.) These calculations undercut the assertion that the burden on Transmerica to produce a single payment differential is significant. Thus, Transamerica has not met its burden on the third prong.

Transamerica has also not met the final prong. Transamerica points out that Mr. Hege has attempted to calculate Plaintiffs' differential himself and argues that therefore it would be less burdensome for Plaintiffs to make the calculations. However, there is no indication that those calculations are precisely accurate, let alone that Plaintiffs possess the requisite understanding of Transamerica's claims processing practice to make those calculations accurately. Meanwhile, as Mr. Byrne's declarations indicate, Transamerica does not hesitate to calculate claims differentials and use them as a sword when it serves the company's interest. That sword is double-edged. Given the complexity of the calculations, the judgment involved in claims processing, and as Mr. Byrne's demonstrated familiarity with the calculation process, this Court cannot conclude that the burden is substantially the same for both parties.

In sum, because Transamerica has not met its burden on two of four prongs, it has not satisfactorily proven that its document-only response under Rule 33(d) was justified. Therefore, its opposition to the Motion to Compel is without merit.

Before concluding, the Court notes that there has been an inordinate amount of paperwork filed in this case. All parties are hereby cautioned that in the future, serious sanctions will be imposed on any unnecessary and unjustified actions that result in additional reams of paperwork being filed.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Differential Information (ECF No. 51) is hereby GRANTED. Within thirty (30) days of entry of this Order, Transamerica shall provide Plaintiffs the information requested in Interrogatory No. 9 and Interrogatory No. 10.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  25 , 2011
Anderson, South Carolina